UNITED STATES of America,
Plaintiff–Appellee,

v.

Parish GAGUM, Defendant–Appellant.

No. 12–4143.

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 22, 2012.

Decided: Aug. 24, 2012.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, Elizabeth V. Tilley, Elizabeth Vaughn Tilley Law Office, Myrtle Beach, South Carolina, for Appellant. William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Parish Gagum pled guilty without a plea agreement to one count of falsely making and forging United States obligations, in violation of 18 U.S.C.A. § 471 (West Supp. 2012), and was sentenced to fourteen months in prison. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that he has reviewed "both the facts and legal issues of this case" and is of the opinion "that there are no legal issues that were not properly raised or disposed of by the trial court" and "no grounds for an appeal[.]" Counsel nonetheless raises as possible issues for review whether the district court complied with Fed.R.Crim.P. 11's requirements when it accepted Gagum's guilty plea, and whether Gagum's fourteen-month sentence is reasonable. The Government has declined to file a

responsive brief and Gagum has not filed a pro se supplemental brief, despite receiving notice of his right to do so. Finding no error, we affirm.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R.Crim.P. 11(b). "In reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." *United States v. DeFusco,* 949 F.2d 114, 116 (4th Cir.1991).

Because Gagum did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. *United States v. Martinez,* 277 F.3d 517, 525 (4th Cir.2002). "To establish plain error, [Gagum] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad,* 478 F.3d 247, 249 (4th Cir.2007). Even if Gagum satisfies these requirements, we retain discretion to correct the error, which we should not exercise unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.*

█ A review of the record establishes that the district court complied with Rule 11's requirements, ensuring that Gagum's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he pled guilty. Accordingly, we discern no error in the district court's acceptance of Gagum's guilty plea.

We also find no error in Gagum's sentence. After *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. *United States v. Evans,* 526 F.3d 155, 160–61 (4th Cir.2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.A. § 3553(a) (West 2000 & Supp.2012) ] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

"[I]f a party repeats on appeal a claim of procedural court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." *United States v. Lynn,* 592 F.3d 572, 576 (4th Cir.2010). If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. *United States v. Carter,* 564 F.3d 325, 328 (4th Cir.2009).

█ We discern no procedural or substantive sentencing error by the district court. In particular, a review of Gagum's sentencing hearing establishes that the district court correctly attributed him with a total offense level of fifteen. *See U.S. Sentencing Guidelines Manual* § 2B5.1 (2010). In conjunction with his category I criminal history, Gagum's Guidelines range was calculated at eighteen to twenty-four months in prison.

**432**

After affording counsel an adequate opportunity to argue regarding an appropriate sentence under the § 3553(a) factors—during which time defense counsel asked for a variant sentence within an eight-to-fourteen-month Guidelines range—and affording Gagum an opportunity to allocute, the district court imposed a fourteen-month variant sentence. The district court's explanation for Gagum's sentence allows for sufficient appellate review. *See Carter*, 564 F.3d at 328 ("[T]he district court must state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority") (internal quotation marks omitted). We find that the variant sentence below the advisory Guidelines range is substantively reasonable.

We have examined the entire record in accordance with our obligations under *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Gagum, in writing, of the right to petition the Supreme Court of the United States for further review. If Gagum requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gagum. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*